**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**HENRY DANIEL GRATEROL-JORDAN, # A 241-789-528** — **PETITIONER**

**VERSUS** — **CIVIL ACTION NO. 5:26cv643-DCB-RPM**

**TODD BLANCHE, MARKWAYNE MULLIN, and WARDEN** — **RESPONDENTS**

**ORDER DENYING APPOINTMENT OF COUNSEL**

BEFORE THE COURT is *pro se* Petitioner Henry Daniel Graterol-Jordan's Motion for Appointment of Counsel [2, 5]. Graterol-Jordan is an alien detainee in the custody of the Department of Homeland Security, and he brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He asks for appointed counsel in this case. The Court has considered Petitioner's submission and the relevant legal authority.

"No constitutional right to counsel exists in habeas corpus actions." *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). The Criminal Justice Act, however, provides, "Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel to represent a petitioner in a habeas proceeding is committed to the court's discretion. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (28 U.S.C. § 2255 proceeding). Where no evidentiary hearing is necessary, and the petitioner does not show that the interests of justice require counsel, the court does not err in denying counsel. *Id.* If the issues are not complex, and the petitioner adequately presents the issues and facts, then the interests of justice do not

require appointment of counsel. *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

Graterol-Jordan has not provided any grounds to appoint counsel in this case. The issues are not complex, and Graterol-Jordan has adequately articulated and presented the issues and facts of this case. There is yet no indication that the interests of justice require counsel in this case. Therefore, the motion to appoint counsel is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that, for the reasons stated above, *pro se* Petitioner Henry Daniel Graterol-Jordan's Motion for Appointment of Counsel [2, 5] is **DENIED**.

**SO ORDERED**, this the 9th day of September, 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE